1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**
9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10
11   BENJAMIN M. GORDON,                    No. CIV S-09-2644-CMK-P
12                  Petitioner,
13         vs.                              <u>ORDER</u>
14   MICHAEL MARTEL,
15                  Respondent.
16   _____/
17         Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of
18   habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the written consent of all parties, this
19   case is before the undersigned as the presiding judge for all purposes, including entry of final
20   judgment.  <u>See</u> 28 U.S.C. § 636(c).  Pending before the court is Respondent's motion to dismiss
21   (Doc. 9).  Petitioner filed an opposition (Doc. 11) and Respondent filed a reply (Doc. 14).
22         **I.     BACKGROUND**
23         Petitioner was convicted in the Butte County Superior Court of first degree
24   burglary with two prior strikes in 1995, and was sentenced to 25 years to life in prison.
25   Following his conviction, Petitioner filed several petitions for writ of habeas corpus in the state
26   courts.  This is his first federal habeas petition.

1

## II.  MOTION TO DISMISS

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F. Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n.12.  The petitioner bears the burden of showing that he has exhausted state remedies.  See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

Here, Respondent submits that Petitioner's current federal petition should be dismissed as untimely because it was filed beyond the statute of limitations.  In addition, Respondent argues the claims raised in the petition are not cognizable on federal habeas.

### A.     STATUTE OF LIMITATIONS

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issues a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 552 U.S. 3 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

3

U.S. 327 (2007) (holding that federal habeas petition is not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

Here, Petitioner filed twelve post-conviction state habeas petitions.  The first two petitions were filed in the Butte County Superior Court on July 16, 1997, and February 23, 1998. Petitioner then filed a petition in the California Court of Appeal on March 9, 1998, and in the California Supreme Court on March 23, 1998.  Petitioner then returned to the Butte County Superior Court in February 1999, and again continued through the state system thereafter.

Respondent concedes that Petitioner is entitled to some statutory tolling during the pendency of his first round of petitions in the state courts.[1]  For simplicity, the court will assume Petitioner was entitled to statutory tolling from the time he filed his first post-conviction petition in the state court, July 16, 1997, through the denial of his fourth petition, filed in the California Supreme Court, on August 26, 1998.  It is undisputed that Petitioner's conviction

---

[1]    Respondent does argue that tolling was not available to Petitioner during the time he returned to Butte County Superior Court to file his second petition as he was not moving to the next higher appellate level of review.  While the court agrees, the additional time spent does not have a great impact on the statute of limitations discussion.

1  was final 90-days after the California Supreme Court denied review on April 16, 1997.  As the

2  first  of Petitioner's state habeas petitions was filed on or before the commencement of the

3  original statute of limitations, the court will assume the one-year statute of limitations under 28

4  U.S.C. § 2244(d)(1)(A) did not begin until August 26, 1998, the date of denial from the

5  California Supreme Court.  The one year statute of limitations therefore expired on August 27,

6  1999.  Even if additional tolling was available to Petitioner for his second round of petitions in

7  the state court system, the California Supreme Court denied his second round petition on

8  September 29, 1999.  Petitioner then waited until November 27, 2007, to begin his third round of

9  state habeas petitions.  The statute of limitations clearly ran prior to Petitioner's third round of

10 state petitions.  Accordingly, the September 22, 2009, petition filed in this court is untimely

11 under § 2244(d)(1)(A).

12        Petitioner argues in response that the statute of limitations did not begin to run

13 following his conviction, but rather upon discovery of the factual predicate of his claim pursuant

14 to 28 U.S.C. § 2244(d)(1)(D).  However, he fails to explicitly articulate when he discovered the

15 factual predicate of his claim.  Even if the court were to accept his argument, it appears he is

16 claiming the factual predicate of his claim was discovered in November 2006.  If that is the case,

17 then the one year statute of limitations ended in November 2007, which is when he filed his

18 petition in the Butte County Superior Court.  Therefore, the statute of limitations had likely run

19 prior to the original state filings on Petitioner's claims.  Similarly, if the court was to accept a

20 later discovery date, even in or around November 2007, when he filed his habeas petition with

21 the Butte County Superior Court, Petitioner runs into the same statute of limitations issue

22 because after the California Court of Appeal denied his petition in January 2008, he decided to

23 return to the Butte County Superior Court with a new petition instead of continuing on to the

24 California Supreme Court.  As stated above, the limitations period is not tolled where the

25 petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-

26 07.  Therefore, even assuming the petition filed in the California Supreme Court included the

1  claims originally brought in the November 2007 petition filed in the Butte County Court, the

2  petition filed in the California Supreme Court was not filed until December 31, 2008.  Therefore,

3  363 days of the statute of limitations time had run between the January 3, 2008, denial by the

4  California Court of Appeal, and the filing in the California Supreme Court on December 31,

5  2008.

6          Reading the petition liberally, it appears to the court that Petitioner is asserting he

7  discovered the factual predicate of his first claim beginning in or around either 2004 or 2006.  As

8  to his second and third claims, he alleges discovery in or around April 2007.  Thus, Petitioner

9  discovered the factual predicate of his claims more than two days prior to filing his November

10  2007 state habeas petition.

11          Accordingly, even if the court were to accept Petitioner's argument that the statute

12  of limitations began to run upon the discovery of the factual predicate of his claims, the statute of

13  limitations ran prior to filing his current federal petition.  Respondent's motion to dismiss will be

14  granted on this ground.

15              B.    FEDERALLY COGNIZABLE CLAIMS

16          In addition to whether or not the petition is timely, Respondent argues that

17  Petitioner's claims are not cognizable in a federal habeas petition.   Petitioner raises three claims

18  in his current petition.  The first is a due process claim based on an allegation of pervasive bias in

19  the California judicial system, and the resulting improper disposition of his state habeas petitions.

20  His second claim is that newly discovered evidence shows he is actually innocent of a prior

21  conviction used as a strike to increase his sentence for his current conviction.  His third claim is

22  another due process violation, based on the trial court's use of the invalid prior conviction, as

23  related to the second claim.

24          Respondent argues Petitioner's first claim is not cognizable because it is not

25  challenging his conviction but rather the alleged improper denial of his post-conviction habeas

26  petitions.  Respondent also argues Petitioner's second and third claims are not cognizable

6

1    because Petitioner is challenging the sentence for his current conviction, based on an old

2    conviction which is no longer open to direct or collateral attack in its own right.  Therefore,

3    Petitioner cannot collaterally attack this prior conviction through a habeas petition.

4           Petitioner acknowledges his first claim is challenging the alleged improper denial

5    of his state habeas petitions due to judicial bias.  However, he argues that had the state courts

6    followed the law properly, his unlawful conviction would have been reversed.  As to his second

7    and third claims, he argues that he is actually innocent of the burglary charges to which he

8    previously plead guilty.  Therefore, he is not barred from attacking the prior conviction, either

9    directly or through a collateral attack, and thus is not barred from raising it in this petition.

10          As to Petitioner's first claim, the court agrees that a challenge to an alleged

11   improper state habeas denial fails to state a federal habeas claim.  If petitioner was challenging

12   his conviction based on judicial bias, he may have been able to state a federal habeas claim.

13   However, a claim alleging improper denial of a habeas claim is insufficient.  See Gerlaugh v.

14   Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).  The court also does not find Petitioner's argument

15   as to his second and third claim persuasive.  As Respondent argues, the United States Supreme

16   Court has foreclosed federal habeas review of a such an attack.  See Lakawanna County Dist.

17   Atty v. Coss, 532 U.S. 394, 402 (2001).  Petitioner's argument that he is actually innocent of the

18   prior conviction used to enhance his sentence, does not explain how either direct or collateral

19   attack of his prior conviction is still available to him, and even if it is, how he can challenge the

20   prior conviction in a federal habeas preceding on his current conviction.  Thus, the court agrees

21   with Respondent, that Petitioner is unable to state a federal habeas claim attacking a prior

22   conviction, even for actual innocence.

23          Accordingly, the court finds the petition is untimely and barred by the statute of

24   limitations.  As a second and alternative basis for dismissal, the court finds the petition fails to

25   state a federally cognizable habeas claim.  Respondent's motion to dismiss shall be granted, and

26   Petitioner's federal habeas petition must be dismissed.

**III.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.      Respondent's motion to dismiss (Doc. 9) is granted; and

2.      The Clerk of the Court is directed to enter judgment and close this case.


DATED:  September 15, 2010

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE